UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORI ANN BUTLER-NEEBEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-67** |
| **UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, et al** | **SECTION A(4)** |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 7)** filed by Attorney General Jeff Landry on behalf of the state Defendants and **Motion to Dismiss Case (Rec. Doc. 9)** filed by the Board of Immigration Appeals ("BIA") on behalf of the federal Defendants. For the following reasons, the motions are GRANTED, and this matter is dismissed with prejudice.

The Plaintiff filed this case claiming violation of various U.S. Code Articles related to the immigration of a man who convinced the Plaintiff to marry him and act as his immigration sponsor. The Plaintiff alleges that this Nigerian man defrauded the Plaintiff of $300,000 while still being married to a Nigerian woman. USCIS reviewed the Plaintiff's online report of fraud within two days of her complaint. Most notably, there was no documentation of the previous marriage between the Nigerian nationals. The Plaintiff is seeking intervention from the Court to instruct multiple Defendants to investigate her claims, as well as some sort of restraining order for the Nigerian man to keep away from the Plaintiff and her family. Although not explicitly stated, the Court will assume that the Plaintiff is seeking relief under the Administrative Procedure Act ("APA") and the Mandamus Act.

Federal Courts are Courts of limited jurisdiction. A court may dismiss an action if it lacks subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Plaintiff bears the burden of proving appropriate subject-matter jurisdiction in the matter. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject-matter jurisdiction can be found on the face of the complaint, in supplemental undisputed facts, or other disputed facts that the Court finds resolved. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

It is well established law that neither the APA nor the Mandamus Act confer subject-matter jurisdiction on this Court. *See Califano v. Sanders*, 430 U.S. 99, 104–07 (1977) (APA) ("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions."); *Stern v. S. Chester Tube Co.*, 390 U.S. 606, 608 (1968) (Mandamus Act). The burden to prove subject-matter jurisdiction falls upon the Plaintiff.

FRCP 12(b)(6) authorizes a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a complaint must state a *plausible* claim for relief. *Id*.

Of the claims that the Plaintiff has asserted, there is not a single actionable claim under Federal Law that would establish proper jurisdiction for mandamus relief or APA relief. Accordingly, the Court finds that it lacks jurisdiction to adjudicate these claims and that the Plaintiff's complaint did not state relief for which this lawsuit could plausibly provide if the

Court were to take the allegations as true.  Furthermore, the Court defers to the state and local courts to issue orders such as a domestic restraining order, to which the Court gives great deference.

    Accordingly;

    **IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 7)** filed by Defendant Jeff Landry on behalf of all the state of Louisiana Defendants is **GRANTED**.

    **IT IS ALSO ORDERED** that the **Motion to Dismiss Case (Rec. Doc. 9)** filed by the Board of Immigration Appeals on behalf of the federal Defendants is **GRANTED.**

    **IT IS ORDERED** that this matter is **DISMISSED WITH PREJUDICE.**

July 17, 2023

                                                          JUDGE JAY C. ZAINEY

                                                          UNITED STATES DISTRICT JUDGE